UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KHRISTOPHER R. KIRK
    Plaintiff,

v.                              Case No.:  3:25cv1313/TKW/ZCB

INNVEST BAYOU LLC, et al.,
    Defendants.
_____/

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to the undersigned for a settlement conference.  (Doc. 11).  The conference will be held[1] on **Monday, January 12, 2026, from 9:00 a.m. to 11:00 a.m., central time,** in Courtroom 3 South, United States District Courthouse, 1 North Palafox Street, Pensacola, Florida.

## Required Participants

Each party must be represented—in person—by the following required participants: (1) counsel who is familiar with the case, if the party is represented by counsel; (2) the party and/or decisionmaker of the party, who must have full authority to act on behalf of the party; and (3)

_____

[1] This settlement conference will be held in person.  Remote attendance will not be permitted.

1

if a party is insured, a representative with full authority to authorize a settlement.[2]

## **"Full Authority" Defined**

"Full authority" means that those participating on behalf of a party should be the party's <u>decisionmaker</u>.  A person with "full authority" is a person who can make independent decisions that bind the party, adjust to information as it is presented in the dynamic environment of a settlement conference, and consider/propose creative solutions and resolutions.  <u>This means the person who is present for a party should have the ability to make decisions regarding settlement without having to make phone calls or request additional approval from other people who are not present.</u>  A person does **not** have "full authority" if that person is simply authorized to make an offer or accept a certain pre-ordained amount.  These requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for

---

[2] Failure to comply with the attendance provisions of this order may result in an award of costs and attorney's fees incurred by the other parties in connection with the conference or the imposition of other appropriate sanctions. *See generally Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 F. App'x 886 (11th Cir. 2010) (affirming sanctions against a party for failing to ensure person with full settlement authority attended settlement conference as required by the court's order).

communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

### Mandatory Negotiation Prior to the Settlement Conference

Settlement conferences often are unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, <u>before</u> the settlement conference, the parties shall negotiate and make a <u>good faith</u>[3] effort to settle the case without the involvement of the Court. At a minimum, specific proposals and counterproposals shall be exchanged before the conference, even if such proposals were exchanged previously.

### Communication with the Court if Settlement is Reached

Should the parties arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the Court by filing a joint notice of settlement. The undersigned would then cancel the settlement conference.

---

[3] This means working to actually settle the case, as opposed to making low-ball or unreasonably high offers as part of some negotiating gamesmanship "strategy."

## Pre-Settlement Conference Calls

The Court will conduct separate pre-settlement conference calls with counsel only.  On **January 9, 2026, at 4:00 p.m., central time,** the Court will hold a call with **only counsel for Plaintiff**.  On **January 9, 2026, at 4:30 p.m., central time**, the Court will hold a call with **only counsel for Defendants**.  Call-in instructions for the above calls will be sent by separate emails to each party's counsel.

## Confidential Settlement Statements

**No later than 5:00 p.m., central time, on January 9, 2026,** each party shall provide to the chambers of the undersigned a confidential settlement statement.  Plaintiff and Defendants shall independently submit their respective confidential settlement statements to Carey_King@flnd.uscourts.gov.  The parties <u>shall not</u> file the confidential settlement statements with the Clerk of Court or serve them upon opposing counsel, as the statements will not become a part of the file of this case and will be for the exclusive use of the undersigned in preparing for and conducting the conference.

## **Contents of the Confidential Settlement Statements**

Each confidential settlement statement shall contain:

(1) A brief description of all remaining claims and the applicable law and defenses;

(2) A concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) A brief description of the relief that may be afforded to the prevailing party at trial (e.g., the nature and extent of damages and entitlement to attorney's fees). Counsel must also include an explanation of how the damages have been computed or, if appropriate, counsel's good faith belief that damages are not recoverable.

(4) An estimate of attorney's fees and costs of litigation to date, as well as an estimate of attorney's fees and costs if the case went to trial;

(5) An outline of settlement negotiations to date, including the most recent proposals and counterproposals; and

(6) A statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not exceed <u>fifteen pages</u> in length (double-spaced in 12-point font).

## **Draft Joint Settlement Agreement**

**No later than 5:00 p.m., central time, on January 9, 2026**, counsel shall submit via email to Carey_King@flnd.uscourts.gov a draft <u>joint</u> settlement agreement that contains all terms agreed to by the parties in advance of the conference, such as mutual releases, dismissal with prejudice, and confidentiality. The draft joint settlement agreement shall leave blank any disputed terms that need to be resolved at the conference, such as the settlement amount. The draft joint settlement agreement shall be submitted in Microsoft Word format.

## **Confidentiality of the Settlement Conference**

The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential.

## Structure of the Settlement Conference

At the conference, the undersigned will briefly address the parties jointly in open court.  No opening statements by counsel will be permitted.  After the undersigned's preliminary remarks, separate, confidential caucuses will be conducted with each side.  The conference will end when settlement is reached, when the undersigned concludes that further negotiation would be unlikely to result in settlement, or by 11:00 a.m. when the undersigned's criminal docket commences.

The parties are advised that the undersigned has a heavy docket, and this settlement conference is being held at the request of the parties.[4] Thus, the parties are expected to arrive at the settlement conference ready and willing to expeditiously settle this case.

**SO ORDERED** this 7th day of January 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

---

[4] The Court has also agreed to hold this settlement conference on an extremely expedited basis, as requested by the parties.  Because the Court has taken every effort to accommodate the requests made by the parties, the Court fully expects the parties not to waste its time at the settlement conference by engaging in gamesmanship or presenting unreasonable offers or demands.